IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON,

                                    Plaintiff,                          OPINION and ORDER

            v.
                                                                        21-cv-452-jdp
LA CROSSE COUNTY,

                                    Defendant.

---

Pro se plaintiff David Anthony Pearson is incarcerated at the La Crosse County Jail facing charges in several criminal cases. He alleges here that La Crosse police officers gave him an improper *Miranda* warning and that he has been denied access to legal assistance at the jail. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pearson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank,* N.A., 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

For now I must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case and direct the clerk of court to administratively close it. Pearson can move to reopen the case after his criminal charges are resolved. But if he does so, he will have to fix several problems with his complaint.

ALLEGATIONS OF FACT

I draw the following allegations from Pearson's complaint. Dkt. 1. On June 29, 2021, Pearson was taken to a La Crosse police station "against [his] will." He was not "read [his] *Miranda* rights correctly" and was asked if he would like to "sign over [his] rights." He told an officer named Lieutenant Burg that he was not willing to sign over his rights. After Pearson made some statements to the police during his interrogation, he was informed of the charges against him, and he immediately was taken to the La Crosse County Jail. He appeared in court and said that he wanted a "speedy trial" but he was ignored. He spent ten days in the jail without receiving any legal assistance or having a preliminary hearing. Pearson wants to do legal work on his case, obtain forms, look up how to draft motions, and research cases, but the jail does not have a law library or other legal materials to assist him.

ANALYSIS

Pearson can bring claims like his under 42 U.S.C. § 1983, which allows an individual to sue government officials for the violation of federal rights. Pearson does not cite a specific legal theory, but it is unnecessary for pro se plaintiffs to do so. *Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005). His allegations involve the constitutional right against self-incrimination and the right to access the courts.

**A.  *Miranda* claim**

In *Miranda v. Arizona*, the United States Supreme Court held that before police officers interrogate a suspect in custody, police must provide specific warnings to the suspect, including that the suspect has a constitutional right under the Fifth Amendment to remain silent and to

have an attorney present during the interrogation. 384 U.S. 436 (1966). Pearson alleges that he was given an incorrect *Miranda* warning prior to his interrogation.

But I will deny him leave to proceed on a *Miranda* claim for two reasons. First, an improper *Miranda* warning before an interrogation is not itself a constitutional violation that is actionable under § 1983. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018); *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024–25 (7th Cir. 2006). Rather, a Fifth Amendment violation occurs only when a criminal defendant's statements, obtained in violation of *Miranda,* are used against him at trial to convict him of a crime. *Johnson*, 900 F.3d at 434. My review of the Wisconsin court records system shows that Pearson has not been convicted of any crimes since the date of his arrest and interrogation, so it is not possible that his statements were used at trial to convict him of a crime.

Second, and more important, Pearson currently faces a variety of criminal charges in La Crosse County Case Nos. 2021CF000504, 2021CF000359, 2021CF000346, 2021CF000305, 2019CM001128, and 2019CM001089. Under *Younger*, federal courts must respect state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances not present here. 401 U.S. at 45. Pearson must bring his arguments about the violation of his *Miranda* rights directly to state criminal court before he can raise a *Miranda* claim in federal court.

**B.  Access-to-courts claim**

Prisoners and pretrial detainees have a constitutional right of access to the courts. *Prince v. Lloyd*, No. 14-cv-677-jdp, 2015 WL 7176371, at *2 (W.D. Wis. Nov. 13, 2015) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). This requires jail authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries and legal materials. *Id.* Alternatively, the right of access is satisfied if the jail provides adequate assistance of counsel or other persons trained in the law. *Johnson by Johnson v. Brelje*, 701 F.2d 1201, 1208 (7th Cir. 1983). To succeed on an access-to-courts claim, a plaintiff must show an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim about his criminal conviction, sentence, or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996).

Pearson alleges that the La Crosse County Jail has no law library and does not provide access to legal materials. I will also deny Pearson leave to proceed on an access-to-courts claim under *Younger*. I must abstain from interfering with Pearson's state-court proceedings, which are connected to his allegations about his lack of legal assistance. *Burks-Bey v. Tippecanoe Cty. Jail*, No. 4:06-cv-134 AS, 2006 WL 3254548, at *1 (N.D. Ind. Nov. 8, 2006) (*Younger* applied to plaintiff's access-to-courts claim because questions about plaintiff's law library access and ability to prepare for trial were interrelated to his ongoing state prosecution). Again, Pearson must raise this issue in the state court where his charges are pending.

## C. Status of this case

Because *Younger* applies to both of Pearson's claims, I must abstain, either by dismissing the case or staying it. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "The pivotal question in making this determination is whether any of the relief sought by the plaintiff in [his] federal action is unavailable in the state action." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 600 (7th Cir. 2007). Pearson seeks money damages, which are not available in his state court proceedings.

So I will stay this case and direct the clerk of court to administratively close it. That means that Pearson may move to reopen this case after the conclusion of the state criminal

4

proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan,* 73 F.3d 134, 139 (7th Cir. 1995).

But if Pearson moves to reopen this case, he will have to fix several additional problems with his complaint. Many of Pearson's allegations are too vague to determine whether his constitutional rights were violated, and he does not say how the alleged violations injured him. Pearson also does not identify any individual officials who were personally involved in the alleged violations or explain what role they played.

One final point: if Pearson's criminal cases result in convictions, he may not be able to proceed with his claims in this case no matter how clear and specific his allegations are. I will have to dismiss this case if a judgment in his favor would imply the invalidity of his state convictions. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), pending final resolution of plaintiff David Anthony Pearson's state criminal proceedings. The case is STAYED. The clerk of court is directed to administratively close the case.

Entered April 15, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge